**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

CALVIN A. WATSON, a/k/a Omar
Headley,
Defendant-Appellant.

No. 99-4430

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-97-7)

Submitted: November 30, 1999

Decided: January 6, 2000

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roy D. Bradley, BRADLEY LAW FIRM, P.C., Madison, Virginia,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Jean B.
Hudson, Assistant United States Attorney, Charlottesville, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Calvin A. Watson appeals the sentence imposed on his conviction for his role in a conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994). Watson contends that the district court erred in calculating the drug amount appropriate for Watson's relevant conduct for sentencing purposes. See United States v. Love, 134 F.3d 595, 606 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3790 (U.S. June 15, 1998) (No. 97-9085). Watson also suggests that the court's conclusion that he employed a firearm in connection with the drug offense was in error. See United States v. Apple , 915 F.2d 899, 914 (4th Cir. 1990). Finally, Watson claims that he was entitled to a reduction in his Offense Level for his minimal role in the offense. See Love, 134 F.3d at 606. Finding no merit to any of these contentions, we affirm the district court's sentence.

We have reviewed the record and the evidence before the district court at sentencing and find that there was no reversible error in the court's determination of the amount of drugs attributable to Watson for sentencing purposes. See United States v. Williams, 977 F. 2d 866, 870 (4th Cir. 1992); see also United States v. Sampson, 140 F.3d 585, 593 (4th Cir. 1998). With respect to the firearm, Watson failed to show that it was "clearly improbable" that his possession of a Ruger 9mm was not connected with his drug offense. See United States v. Harris, 128 F.3d 850, 852-53 (4th Cir. 1997). Finally, in light of Watson's active role in the conspiracy, and the significant income he derived therefrom, there was no clear error on the part of the district court in declining to award Watson a reduction for his role in the conspiracy. See Love, 134 F.3d at 606.

In the absence of any reversible error at sentencing, Watson's conviction and sentence are hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented

2

in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3